This was an adjourned case from the Superior Court of Haw for Harrison county. The Plaintiff, Hutson, moved that Court for a Writ of Prohibition, upon a suggestion filed in the following words and figures : “Be it remembered, that on the day of in the year 1816, comes John Hutson, and gives the Court to understand, and be informed, that whereas all, and all manner of pleas and plaints of debt exceeding the value of twenty dollars, and within the county aforesaid arising and happening, to certain Courts of Record within the said county, that is to say, to the Court of Quarterly Sessions of the county aforesaid, and to the Superior Court of Haw for the county aforesaid, do belong and appertain ; and whereas the said John Hut-son, *on the 11th September, 1815, was indebted to one Joseph Howry in the sum of eighty dollars, of lawful money of the United States, and the said John Hutson so being indebted as aforesaid, afterwards, to wit: on the same day and year last mentioned, by the procurement of the said Joseph Howry, who sought to oust the aforesaid Courts of their aforesaid jurisdictions, at the county aforesaid, made and delivered to the aforesaid Joseph Howry four several single bills, sealed with a seal of the said John Hutson, whereby the said John Hutson bound himself for the payment of the said eighty dollars to the said Joseph, that is to say, the said John, by each and every of the said single bills, bound himself to pay to the said Joseph twenty dollars ; all which debt, and all of the said several single bills, were due and had become payable at or before the 12th December, 1815, whereby the Courts aforesaid, or one of them, had and ought to have had jurisdiction touching any plea or action for the recovery or decision of the said debt, and single bills aforesaid. Nevertheless, the said Joseph Howry, not ignorant of the premises, but contriving him the said John Hut-son wrongfully to aggrieve and oppress, and from the rights and jurisdiction of the Courts of this Commonwealth to derogate, and the cognizance of pleas which to the Courts of Record, and not to Justices of the Peace, out of such Court belongs, to another examination before a Justice of the Peace out of a Court of Record to draw, against the due form of Haw, and contrary to the Haws, customs and usages of land, hath unjustly drawn the said John Hutson in four several pleas, by color of four several warrants, issued the day and year last aforesaid, for the recovering of the said debt of eighty dollars, (the whole thereof being then and there payable and due to the said Joseph, and the whole being in arrear and unpaid,) before John Somerville, Esq. a single Justice of the Peace for the said county, he the said Joseph, before the said John Somerville, craftily and Sub-tilely stating his demand to be four debts of twenty dollars each, due in manner and form aforesaid ; and such proceedings were thereupon had by the procurement of the said Joseph Howry, and one Joseph Newell, a Constable of the said county, that the said John Somerville afterwards, to wit: on the 16th December, 1815, at the county aforesaid, rendered in behalf of the said Joseph Howry against the said John Hutson, against the will and consent of the said John Hut-son, *four several judgments for the sum of twenty dollars each, and interest and costs, making altogether, eighty dollars, and interest and costs, by pretence of the said several warrants, and the debt and single bills aforesaid, and the said Joseph Howry and Joseph Newell, by pretence of the said several judgments, to condemn the said John Hutson in the payment of large sums of money, and to prosecute executions thereon against him with all their power and endeav-our, daily contrive; in contempt of the authority of the Courts of Record of the said Commonwealth, and to the manifest prejudice, damage and grievance of him the said John Hutson, and this he is ready to verify ; wherefore, the said John Hutson, the aid of this Court most respectfully demanding, prays remedy by the Commonwealth’s Writ of Prohibition to the said John Somerville, Justice of the Peace, and the said Joseph Howry and Joseph Newell, as aforesaid, to be directed, in form of Haw, to prohibit him, the said Justice, from holding the plea aforesaid, of and concerning the premises aforesaid, further before him, and to prohibit the said Joseph Howry and Joseph Newell from proceeding in the premises.
This suggestion was supported by the affidavit of the said John Hutson ; to the truth thereof, and in support of the said motion, he procured and proved the judgments in the said suggestion mentioned, in the words and figures following :
“Joseph Lowry v. John Hutson.
Judgment is granted in favor of Plaintiff, for twenty dollars debt ; interest from September 12th, 1815. Given under my hand, 16th December, 1815. John Somerville, J. P.
Execute the goods and chattels of the above Defendant, and make return as the Haw directs. Given under my hand, 16th December, 1815. John Somerville, J. P.”
The other three judgments and executions were for the same sum, and in the samé terms, except that interest was given from the 11th October, 11th November, and 11th December, respectively; and at the foot of the whole was this return : “ Money made, and ready to render. Jan. 24, 1816.”
The said Hutson also proved to the Court, that the said judgments were founded and rendered on four several and single bills, in the following words, &c. “ Clarks-burg, *Va. Sept. 11, 1815. One day after date, I promise to pay Joseph Howry, or order, twenty dollars, for value received- Witness my hand and seal. John Hutson, (Seal.) ” The other three notes were • exactly similar, except that they were payable at one, two, and three months after date, respectively.
*130 Thereupon, the said Lowry and Newell entered their appearance as Defendants to the motion, and the parties agreed to the following facts : That the allegations of the said suggestions are true ; that after said judgments, executions issued thereon, by virtue whereof, the money was made, and received by Joseph Newell, Constable, the said Hutson having given notice to the said Constable to retain the said money in his hands without paying it to the said Lowry, as he intended to seek relief against said judgments, on the ground that the Justice of the Peace had not jurisdiction to render the said judgments.”
The Superior Court thereupon adjourned this case to the General Court, for a decision on the following points :
1. Whether the aforesaid Justice of the Peace had jurisdiction to render the aforesaid several judgments ?
2. Whether the satisfaction of the said judgments, by executions, previous to this motion, should prevent the Court from awarding a Writ of Prohibition in this'case ?
The record of- this adjourned case, was accompanied by the notes of an argument urged by the Counsel for Hutson in the Superior Court.
Argument. A debt is that which one man owes to another : See Jacob, (a) where this definition is given. The whole sum due and payable from Hutson to Lowry, at the date of the warrants, constituted but one debt. The debt being due by specialty, will not sever the whole into several debts, (as regards the jurisdiction of the Courts,) any more than the circumstance of an open or- current account, depending upon different witnesses, could authorise a separate action of Assump-sit upon every particular admitting of proof by a different witness.
The system of marshalling the jurisdiction of Courts of Record, and Courts not of Record ; of the proceeding in the former by writ, pleadings, counsel, jury trial, records and writs of error; and in the latter by plaint, parol, summons, *and summary method, were borrowed from England. In the Case of Girling v. Alders, (b) this decision was had. “Prohibition to the Court of the Honour of Eye, where the case was : One contracted with another for divers parcels of malt, the money to be paid for each parcel being under 40s. and he levied divers plaints thereupon in the said Court, wherefore the Court here (King’s Bench,) granted a Prohibition, because though there be several contracts, yet inasmuch as the Plaintiff might have joined them all in one action, he ought to have so done, and sued here, and not put the Defendant to unnecessary vexation, any more than he can split an entire debt into divers to give the Inferior Court jurisdiction in fraudemlegis.” So in the same book, (c)“If there be several contracts between A and B, at several times, for divers sums, each under 40s. but amounting in the whole to a sum sufficient to entitle the Superior Court to a jurisdiction, they shall be sued for in such Superior Court, and not in an Inferior one which is not of Record. So adjudged in the Case of the Savoy Court and Stanford, 24, ch. 2.” See, also, Bacon, (d) where the above and other similar Cases are noticed.
No one can question the- Plaintiff’s right to bring one action for the recovery of fifty several notes or single bills, if he may also sever without severing the interest in the thing, or right to the debt, (as an assignment, especially if bona fide, of a part of the notes might do). It will give the creditor a vast power over his debtor, in a case where the necessity or propriety of that power cannot be well accounted for. 1. The creditor, by choosing to sever, deprives the debtor of the benefit of Counsel, who are not admitted, or themselves or their fees noticed before a single Justice. 2. The creditor thereby chooses whether he will oust the Defendant of the benefit of Jury trial. 3. The creditor thereby eventually might choose, whether his debtor should have a Writ of Error, which is a Writ of Right, in the Supreme Tribunal of Virginia, although the amount in controversy is of sufficient magnitude to admit of an Appeal or Writ of Error.
*A practice has sometimes prevailed, that when the same creditor held two notes against the same debtor, both'due and payable, and each sufficient to give the Superior Court jurisdiction, for the creditor to elect whether he would prosecute one or two suits. This practice, on examination, will be found loose andincorrect. “If two actions are depending at one time, by the same Plaintiff against the same Defendant, for causes which may be joined, and particularly if the Defendant is holden to bail in both, the Court will compel the Plaintiff to consolidate the actions, and on account of tlie vexation to pay the costs of the application.” (e)
Thus the doctrine of election of actions, which seems at first to favour the Justice’s jurisdiction, furnishes an insurmountable barrier to that jurisdiction ; for, if a Magistrate has jurisdiction of the Case here spoken of, he must either reject or support the Defendant’s application to consolidate. But he cannot reject or overrule the Defendant’s application by reason of the settled doctrine in Tidd. He must then admit the application. But if the Defendant’s application to consolidate be admitted, it destroys the Magistrate’s jurisdiction ; for, consolidate two warrants for IS or 20 dollars each, and 30 or 40 dollars are given, a sum with which he can do nothing. Both consequents being removed, the antecedent of the Magistrate’s jurisdiction is also removed.
It has been said, that the Defendant puts it in the power of the Plaintiff to harass him by several suits, by giving several obligations. This is not admitted: the question controverted is, whether the creditor has the power. *131 Besides, the consent of parties cannot give a Court jurisdiction : if it cannot directly, why should it obliquely take a greater effect ?
The Court were not unanimous in their opinions. Brockenbrough, Parker and Saunders, were of opinion that the Justice had jurisdiction, and that the Prohibition ought not to be awarded. 1. Because the debtor, by his own act, severed the debt, for which he might have a good reason, without aiding in the supposed design of the creditor to act in fraudem legis; his motive probably was to gain time, by installing the debt; having consented to this *act, he could not complain that the Justice would take jurisdiction, for volenti non fit injuria. Nor could it be said, that his consent gave the jurisdiction. His consent was only to the severance; after that, the L,aw gives the jurisdiction. 2. In this case, the bills were payable at different times. The right of action accrued on the first note, the day after its date ; on the second, one month after its date, &c. Now, on the first note, if the Justice had issued his warrant, on the day after it became due, could the Defendant object to his jurisdiction, because there were other notes due from him to the same Plaintiff, payable at a future time ? Could the Justice, in such case, be compelled to stay his hands, and the Plaintiff be thereby compelled to wait till all were due, before he could proceed on one ? Certainly not. If, then, he had jurisdiction at that time, how does it happen that his jurisdiction ceases, because the Plaintiff chooses to indulge the Defendant till all are due ?
However, the rest of the Court, being a large majority, believing that the authorities, and arguments of Counsel were unanswerable, gave the following judgment:
“The Court having seen and inspected the record in this Case, and maturely considered the questions adjourned, doth decide, that the Justice in the said record mentioned, had not jurisdiction to render the several judgments therein also mentioned; and that the satisfaction of the said judgments by executions at the time when a Writ of Prohibition was moved for, ought not to prevent the awarding of such Writ, as it appears by the said record, that the money so made, remained at the time of making the said motion, in the hands of the Constable, and that he had notice not to pay it over. Which is ordered to be certified to the said Superior Court.”

 Jacob’s Law Dictionary, title “Debt.”

 1 Ventris, 73.

 1 Ventris, 65.

 Bacon’s Ab. Wilson’s ed. 5 vol. p. 668, title “Prohibition,” K.

 1 Tidd’s Practice, 556.